RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

Sky Marlene Camacho,

                          Plaintiff,

      -against-

673 J.R.V. Corp. d/b/a Diamond Club, John LaCourte, as an individual, and Lucilene Martins, as an individual,

                          Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

**22 - CV- 7107**

Plaintiff SKY MARLENE CAMACHO ("Plaintiff" or "CAMACHO"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, 673 J.R.V. CORP. d/b/a DIAMOND CLUB, (hereinafter "Diamond Club"), JOHN LACOURTE, as an individual, and LUCILENE MARTINS, as an individual (collectively referred herein as "Defendants") alleges:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages and other monies

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of Plaintiff, who was formerly employed by Defendants as an exotic dancer.

2. Defendants deprive its exotic dancers of the protections of the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") by failing to pay minimum wage and overtime.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 as the corporate Defendants are located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Plaintiff CAMACHO resides in Yonkers, New York. She was employed by

Defendants as an exotic dancer from on or about June 17, 2021 through June 17, 2022. Plaintiff CAMACHO worked approximately five (5) per week, and sometimes more.

8. During the time period that plaintiff CAMACHO was an exotic dancer, she reported to work approximately 12:00am and worked until approximately 4:00am, for approximately four hours per day.

9. Plaintiff's duties were to perform exotic dances for Defendants' clientele.

10. Plaintiff CAMACHO was an "employee" of defendants within the meaning of the FLSA and the NYLL.

11. During this time, plaintiff received tips, but no wage from defendants. Said tips were paid by customers.

12. During this time, Defendants required the following deductions from Plaintiff's compensation: House Fee of $100 to $120, Makeup Fee of $80, outfits of $60 to $70, and $10 for pasties to cover her nipples.

13. During this time, Plaintiff would also be fined if she were late to work based on a sliding scale in which the House Fee would be an additional $25 to $50 if she arrived late.

**Defendants**

14. Defendant 673 J.R.V. Corp. d/b/a DIAMOND CLUB is a New York corporation that owns and operates DIAMOND CLUB. The principal executive office is located at 673 Hunts Point Ave., Bronx, New York 10474.

15. Defendant 673 J.R.V. Corp. d/b/a DIAMOND CLUB is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcoholic beverages, non-alcoholic beverages, makeup, dry goods, and food; and (2) an annual gross volume of sales in excess of $500,000.

16. 673 J.R.V. Corp. d/b/a DIAMOND CLUB is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

17. At all relevant times, 673 J.R.V. Corp. d/b/a DIAMOND CLUB has maintained control, oversight, and direction over Plaintiff and directed their duties and working hours at 673 J.R.V. Corp. d/b/a DIAMOND CLUB.

18. For instance, 673 J.R.V. Corp. d/b/a DIAMOND CLUB established the dates and time that Plaintiff had to work on the premises of DIAMOND CLUB.

19. Defendant 673 J.R.V. Corp. d/b/a DIAMOND CLUB required Plaintiff to wear certain outfits.

20. At all relevant times, 673 J.R.V. Corp. d/b/a DIAMOND CLUB has maintained control, oversight, and direction over plaintiff.

21. For instance, 673 J.R.V. Corp. d/b/a DIAMOND CLUB imposed the following rules on exotic dancers:

      a. They cannot bring a handbag or purse on the floor while dancing, but must wear a sack (provided by the Club) to retrieve their tips

      b. They must enter from the main entrance at the start of the shift and leave from the back or side door at the end of the shift

      c. They must wear makeup and outfits, including shoes, which must be approved by the House Mom

      d. They must be on stage for a certain period of time (10 to 15 minutes)

      e. They cannot leave before the shift ends

22. Plaintiff did not contribute money to the maintenance of 673 J.R.V. Corp. d/b/a DIAMOND CLUB.

23. Defendants did not require Plaintiff to have any training at 673 J.R.V. Corp. d/b/a DIAMOND CLUB.

24. Defendant JOHN LACOURTE is a person engaged in business in the County of Bronx, who is an owner, officer, principal and/or manager of DIAMOND CLUB. He exercises sufficient control over DIAMOND CLUB operations to be considered the Plaintiff employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at DIAMOND CLUB.

25. Defendant LUCILENE MARTINS is a person engaged in business in the County of Bronx, who is an owner, officer, principal and/or manager of DIAMOND CLUB. She

exercises sufficient control over DIAMOND CLUB operations to be considered the Plaintiff employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records and, at all times material herein, established and exercised authority regarding the pay practices at DIAMOND CLUB.

26. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGE

27. At all relevant times, Defendants were required to pay Plaintiff full minimum wage at a rate of $15.00 per hour under the FLSA and NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and/or the Fair Labor Standards Act, since Defendants had more than 11 employees.

28. Defendants did not pay Plaintiff minimum wage for all hours that Plaintiff were suffered, or permitted by defendants, to work.

29. Defendants had 11 or more employees during the relevant time period and were engaged in the Hospitality industry.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

30. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of hire and at any time the

wage is increased.

31. Defendants failed to furnish Plaintiff with annual wage notices as required by §195(1) of the Labor Law.

32. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

33. Defendants failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

**DEFENDANTS' UNLAWFUL DEDUCTION FROM WAGES**

34. Defendants are not permitted to deduct any money, or charge Plaintiff any money, from the tips, gratuities, or fees earned by Plaintiff.

35. Defendants deducted money from Plaintiff by requiring her to pay a fee for outfits, the House Mom, and makeup, each night in violation of the New York State Labor Law.

36. Defendants never reimbursed Plaintiff for her outfits, in violation of 22 NYCRR § 146-1.8.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Unpaid Minimum Wages)**

37. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

38. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

39. At all times relevant, Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

40. Defendants have failed to pay Plaintiff the minimum wage to which she was entitled under the FLSA.

41. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

44. As a result of Defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(New York Labor Law – Unpaid Minimum Wages)**

45. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

46. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

47. At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

48. Defendants have failed to pay Plaintiff the minimum hourly wage to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

49. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

50. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

51. Plaintiff reallege, and incorporate by reference, all allegations in all preceding

paragraphs.

52. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

53. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

54. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

55. Plaintiff reallege, and incorporate by reference, all allegations in all preceding paragraphs.

56. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

58. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FIFTH CAUSE OF ACTION
**(Unlawful Wage Deductions)**

59. Plaintiff reallege, and incorporate by reference, all allegations in all preceding paragraph.

60. Pursuant to § 193 of the New York Labor law, Defendants are not permitted to deduct anything from tips, gratuities, or fees paid to Plaintiff.

61. Defendants required Plaintiff to pay the House Mom, pay for makeup, and purchase an outfit.

62. In addition, Defendants deducted Plaintiff's entire minimum wage.

63. Said deductions from Plaintiff's pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYSCRR § 146-1.8.

64. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that Defendants have violated the minimum wage of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that Defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

c. declaring that Defendants have violated the Wage Theft Prevention Act;

d. declaring that Defendants' violations of the FLSA were willful;

e. declaring that Defendants' violations of the NYLL were willful;

  f. awarding Plaintiff damages for all unpaid wages;

  g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  h. awarding damages of $50.00 per day, for each day that a violation of §195(1) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  i. awarding Plaintiff liquidated damages of $250.00 per day, for each day that a violation of §195(3) occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  j. awarding Plaintiff disgorgement, damages, and liquidated damages, for all money unlawfully deducted from her wages, in violation of NYLL § 193;

  k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  l. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  m. granting an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  n. awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

      o.    awarding such other and further relief as the Court deems just and proper.

Dated:      Mineola, NY
               August 19, 2022

                                            RAYMOND NARDO, P.C.

                                            By:  _____
                                                   RAYMOND NARDO, ESQ.

                                                   129 Third St
                                                   Mineola, NY 11501
                                                   (516) 248-2121
                                                   Nardo@Raynardo.com
                                                   *Counsel for Plaintiff*