USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2024



Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 880 3888
T: 212 880 3800
F: 212 880 8965
C: 404 313 9557

August 2, 2024

**VIA ECF**
Honorable Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                RE: **Camacho v. 673 J.R.V. Corp et., al.**
                  Case No. 1:22-cv-07107-SN

Dear Judge Netburn:

      This firm represents 673 J.R.V. Corp. d/b/a Diamond Club, John LaCourte, and Lucilene Martins (collectively, the "Defendants") in the above-referenced case. We submit this letter in response to Plaintiff's letter motion for contempt and regarding the scheduling of depositions in this case.

      **A. Motion for Contempt**

      Plaintiff seeks a contempt order arising from Defendants' nonpayment of certain arbitration fees during the arbitration proceeding before Resolute Systems. Specifically, Plaintiff is asking the Court to require Defendants to pay $41,090, the amount in the arbitration deposit requested by Resolute Systems while the arbitration was pending, to Plaintiff. However, Plaintiff's motion for contempt is moot because this case is no longer in arbitration, the parties have been actively litigating this case before this Court, and a contempt order requiring Defendants to pay Plaintiff the arbitration fees owed to Resolute Systems would not result in recommencement of the arbitration proceeding. Moreover, there is no evidence that Plaintiff suffered any harm from Defendants' nonpayment of arbitration fees as it merely resulted in the parties litigating this case in the forum where Plaintiff originally filed the case.

      Generally, "sanctions for civil contempt serve two purposes: to coerce future compliance and to remedy any [past] harm [ ] noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). "The compensatory goal, by contrast, can only be met by awarding to the plaintiff any proven damages." *Weitzman*, 98 F.3d at 719.

Here, sanctions could not serve the purpose of future compliance or to remedy any alleged harm to Plaintiff. This case is no longer in arbitration, and Plaintiff is not seeking to remand this case to arbitration. Therefore, future compliance with the Court's order to pay arbitration fees to the arbitration forum is simply not possible. *See Backo v. Local 281, United Broth. of Carpenters and Joiners of America*, 438 F.2d 176, 182 (2d Cir. 1970) ("[w]here a civil contempt proceeding is coercive in nature and seeks to enforce an interlocutory order, it abates when the proceedings out of which it arises are terminated."); *see also Charter Practices, Intl., LLC v Robb*, 3:12CV1768(RNC), 2013 WL 12178172, at *3 (D Conn May 22, 2013) ("[h]ere, the plaintiffs request coercive civil sanctions to compel the defendant's compliance with the temporary restraining order. The order at issue has expired."). Paying Plaintiff the arbitration fees requested by Resolute Systems, which were never paid by either Plaintiff or Defendants, would merely result in an undue windfall to Plaintiff.

Nor would monetary sanctions remedy any harm to Plaintiff as she has not suffered any harm. "Compensatory sanctions should reimburse the injured party for its actual damages." *New York State Nat. Org. for Women v Terry*, 886 F2d 1339, 1353 (2d Cir 1989). Defendants' inability to pay the arbitration deposit merely resulted in Plaintiff litigating the case in the forum where she originally brought the case. To the extent that Plaintiff claims she has suffered from any delay in litigation resulting from Defendants nonpayment of arbitration fees, this argument is baseless. Defendants informed Resolute Systems of its inability to pay arbitration fees on October 6, 2023. More than two months later, on December 14, 2023, Plaintiff filed a joint status letter with the Court requesting commencement of federal litigation. If there has been any delay in this case, it has not been the result of Defendants' inability to pay the arbitration deposit. Instead of harming Plaintiff, Defendants' inability to pay the arbitration fees actually benefited Plaintiff since she actually sought to litigate this matter in court and that is what ultimately happened.

Even if the Plaintiff's motion for contempt was not moot (which it is), it should be denied because Defendants were unable to pay Resolute Systems' arbitration fees due to financial distress. To hold a party in contempt, a court is required to "(1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). Defendants were not able to pay the arbitration fees requested by Resolute Systems due to financial distress caused by a downturn in business. Defendants' financial peril should not result in sanctions that would provide Plaintiff an undue windfall.

Accordingly, Plaintiff's motion for sanctions should be denied.

B. **The Parties' Availability for Depositions**

---

Plaintiff's motion for civil contempt is DENIED for the reasons explained in Defendants' letter. Plaintiff's deposition shall be held on August 21, 2024. John LaCourte's and Peter Forchetti's depositions shall be held on August 22, 2024.
**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: August 8, 2024
New York, New York